IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH L. THOMPSON,**

              **Petitioner,**

        v.                           CASE NO. 12-3070-RDR

**JON D. LOFTNESS,**

              **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner has been incarcerated at the United States Penitentiary, Leavenworth, Kansas, at the satellite camp facility at all relevant times.

The court has examined the entire record, including the proposed supplemental reply submitted by petitioner, and enters the following findings and order.

**Background**

The federal Bureau of Prisons (BOP) provides substance abuse treatment programs to offenders, including its Residential Drug Abuse Program (RDAP). Certain inmates who complete the RDAP are eligible for early release of up to one year. 18 U.S.C. § 3621(e). However, the BOP has categorically excluded from such early release those prisoners who have been given a prior sentence reduction under that statute.

Petitioner previously was incarcerated under a federal sentence of 120 months for Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) imposed in the District of

Kansas. He was released on December 24, 2003, under early release pursuant to 18 U.S.C. § 3621(e).

Petitioner presently is serving a 72-month sentence imposed in February 2010[1] in the U.S. District Court for the Western District of Missouri for Conspiracy to Distribute Fifty (50) Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The sentencing court recommended that he receive "the opportunity to participate in the 500 hour residential substance abuse treatment program." (Doc. 9, Attach. 1, Exs. A & B.) He came back into federal custody on March 24, 2010, and he began to participate in RDAP for the second time on December 1, 2011.

## Discussion

A federal court may issue the writ of habeas corpus only where the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

*The regulatory framework*

In 1990, Congress directed the BOP to provide residential substance abuse treatment to prisoners found to have a treatable condition of substance addiction or abuse. *See* Crime Control Act of 1990, Pub.L.No. 101-647, § 2903, 104 Stat. 4789, 4913 (codified at 18 U.S.C. § 3621(b)).

In 1994, Congress enacted the Violent Crime Control and Law Enforcement Act (VCCLEA), which added an incentive for participation in this treatment by allowing the BOP the discretion to reduce the sentence of an inmate who successfully completes treatment by up to one year, provided the inmate was convicted of a nonviolent offense.

---

[1] Petitioner states the offense occurred in 2008, that he entered a guilty plea on May 27, 2009, and that he was sentenced on February 22, 2010. (Doc. 1, p. 1.)

*See* 18 U.S.C. § 3621(e)(2)(B).

The statute did not set eligibility criteria for early release, and in May 1995, the BOP published an interim rule, effective in June 1995, that categorically excluded several groups of prisoners who would not be considered for early release. 60 Fed. Reg. 27695 (May 25, 1995).

In December 2000, following notice and comment, the 1997 version of the interim rule was finalized. 65 Fed. Reg. 80749. The rule appears in 28 C.F.R. § 550.58.

In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court examined a challenge to 28 C.F.R. § 550.58, which sets out certain categorical denials of early release eligibility, concerning the provision eliminating from consideration those inmates whose convictions were for "a felony attended by the carrying, possession, or use of a firearm." *Id.* at 232-33. The Court held that "the agency's interpretation [of § 3621(e)] is reasonable both in taking account of preconviction conduct and in making categorical exclusions." *Id*. at 242.

In late September 2003, the BOP issued its Program Statement (PS) 5331.01, governing early release procedures under § 3621(e). In this document, the BOP set out the categories of inmates ineligible for early release identified in § 550.58, and it also included another category of ineligible inmates, namely, those inmates who previously had received early release for completing RDAP.

On July 1, 2004, the BOP published a proposed rule to amend the regulation to clarify that a prisoner would not be considered for a second early release. 69 Fed.Reg. 39887-02 (July 1, 2004). The proposed rule became final on January 14, 2009. 74 Fed.Reg. 1892-01.

The finalized rule appears in 28 C.F.R. § 550.55(b)(7)(2009).

*Application*

Petitioner challenges the BOP's categorical exclusion from early release eligibility of a prisoner who previously received a sentence reduction for participation in RDAP. He asserts claims of violations of due process and ex post facto protections, a violation of the Administrative Procedure Act, and a claim that the BOP exceeded its statutory authority in implementing the second-reduction bar. The court has carefully considered the record and the relevant case law and concludes the resolution of this matter is governed, in large part, by *Kyles v. Chester*, 457 Fed.Appx. 780 (10th Cir. 2012).[2]

Petitioner Kyles committed a nonviolent offense in July 2007, entered a guilty plea in December 2009, and was sentenced in June 2010. He applied for the RDAP but was informed that he was not eligible for a sentence reduction under § 3621(e) because he had received such a reduction while incarcerated under an earlier sentence. Kyles filed a petition for habeas corpus under § 2241 and argued the BOP unlawfully applied the regulation to deny a second sentence reduction because it took effect after the time of his offense in 2007.

The Tenth Circuit rejected this claim and found that the BOP's policy to deny a second sentence reduction was established in its Program Statement 5331.01, which took effect in September 2003. On July 1, 2004, the BOP published for comment the proposed amended

---

[2] While the petitioner urges the court to apply the analysis in *Henderson v. Sirmons*, 285 Fed Appx. 558 (10th Cir. 2008), the court agrees that the *Kyles* decision, which concerns the same categorical exemption presented by petitioner and which was decided by the Tenth Circuit after its decision in *Henderson*, is persuasive.

regulation, 28 C.F.R. § 550.55, which included the second-reduction bar. At that time, the BOP stated that the second-reduction bar was not a new position, but rather a clarification of its existing policy. 69 Fed. Reg. 39887-02, 39889.

Following a period of notice and comment, the new regulation was implemented on March 16, 2009. The BOP issued its P.S. 5331.02 on the same day.

The Tenth Circuit found that petitioner Kyles had notice of the BOP policy at the time of his 2007 offense, noting that at that time, the BOP's policy appeared in its P.S. 5331.01, effective in September 2003. Likewise, the Court noted that on July 1, 2004, the BOP published for comment its proposed amended regulation containing the policy and explained both that it was an existing policy and that there had not been a second early release granted since the implementation of the statute in July 1995. *Kyles*, 457 Fed.Appx. at 783. The Tenth Circuit concluded that the amended regulation did not impose a greater burden for the criminal offense than was in effect at the time of Kyles's offense. *Id*. For these reasons, the court rejected his ex post facto claim.

Under the reasoning in *Kyles*, petitioner's claim of an ex post facto violation must fail. Like Kyles, petitioner committed his offense well after the BOP published its amended regulation for notice and comment, and the amended regulation did not increase the penalty for petitioner's crime.

Likewise, while petitioner appears to claim that the regulation

exceeds the statutory authority granted to the BOP by Congress in §3621(e), the Tenth Circuit concluded in *Kyles* that the BOP's second-reduction bar does not conflict with § 3621(e). *Kyles*, 457 Fed.Appx. at 784-85 (stating that while eligibility to participate in RDAP is defined by statute, sentence-reduction eligibility is distinct and within the discretion of the BOP; under *Lopez v. Davis*, the BOP may establish categorical exclusions so long as its decisions are not arbitrary and capricious).

Next, to the extent petitioner asserts a denial of due process, the court previously has held that there is no protected liberty interest in early release. In *Berchiolly v. Terrell*, 2006 WL 1875514, this court rejected a due process claim presented by a federal prisoner who was found ineligible for early release following completion of RDAP due to a two-point sentence enhancement based upon his possession of a firearm. The court stated:

> Petitioner has no liberty interest protected by the Due Process Clause to a reduced sentence, and the statutory language in § 3621(e) clearly does not mandate such a reduction. Nor does petitioner's full service of the sentence imposed subject him to an atypical or significant hardship for the purpose of establishing a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995)(liberty interest arises only if prisoner subjected to "atypical and significant hardship … in relation to the ordinary incidents of prison life.") *Berchiolly*, 2006 WL 1875514, *2.

Finally, to the extent petitioner asserts a violation of the Administrative Procedure Act (APA), the court construes the claim to allege the BOP violated the APA by not providing a period of notice and comment before the March 2009 implementation of its regulations.

Respondent contends the BOP in fact provided such a period when it published for comment the proposed rule containing the second-reduction bar on July 1, 2004. *See* 69 Fed.Reg. 39887-02 (July 1, 2004). The rule was finalized on January 14, 2009. *See* 74 Fed.Reg. 1892-01 (Jan. 14, 2009).

Petitioner was found ineligible for early release after the rule was finalized, and his argument is without merit.

### Conclusion

The court finds the decision to deny petitioner early release eligibility is lawful and that his claim under § 2241 lacks merit. Petitioner's sentence has been properly executed.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion to file supplemental reply (Doc. 20) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 7th day of June, 2013, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
U.S. Senior District Judge